# Exhibit A

ELECTRONICALLY FILED - 2025 Jan 29 2:51 PM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4200392

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Terese Ricard,<br><br>                      Plaintiff,<br><br>v.<br><br>Spartanburg Community College,<br><br>                      Defendant. | IN THE COURT OF COMMON PLEAS<br>IN THE SEVENTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                        BY:   s/Elizabeth M. Bowen
                                                                Elizabeth M. Bowen (#103337)
                                                                CROMER BABB PORTER, LLC
                                                                1418 Laurel Street, Ste. A
                                                                Post Office Box 11675
                                                                Columbia, South Carolina 29211
                                                                Phone: (803) 799-9530
                                                               Fax: (803) 799-9533

                                                           **Attorney for Plaintiff**

January 29, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Jan 29 2:51 PM - SPARTANBURG - COMMON PLEAS - CASE#2025CP4200392

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Terese Ricard,<br><br>                  Plaintiff,<br><br>v.<br><br>Spartanburg Community College,<br><br>                  Defendant. | IN THE COURT OF COMMON PLEAS<br>IN THE SEVENTH JUDICIAL CIRCUIT<br><br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

The Plaintiff, complaining of the Defendant, respectfully alleges as follows.

### PARTIES AND JURISDICTION

1. Plaintiff Terese Ricard is a citizen and resident of Spartanburg County, South Carolina.

2. Defendant is a public community college in Spartanburg County.

3. This action alleges violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX).

4. Plaintiff demands a jury trial on all triable claims and issues.

### FACTUAL ALLEGATIONS

5. Plaintiff is the Academic Director of World Languages and a full-time Spanish instructor for Defendant.

6. In Fall 2021, Plaintiff enrolled as a student in Defendant's Welding Program.

7. Defendant's Welding Program is predominantly composed of younger male students and professors.

8. Plaintiff has been subjected to inappropriate sexual and racist comments, graphics, penis drawings, and other discriminatory behavior from male instructors and students during her time in the Welding Program.

9. Plaintiff reported sexual and discriminatory behavior of a male instructor in Fall 2021. Plaintiff was subsequently moved to another instructor's class.

10. In or around Summer 2022, Plaintiff complained to her supervisor, Defendant's Humanities and Languages Department Chair, about the continued discriminatory, harassing, and inappropriate conduct within the Welding Department.

11. Plaintiff's supervisor escalated the complaints to the Dean of the Welding Department, who then referred the matter to Defendant's Human Resources.

12. Defendant's Human Resources assured Plaintiff the inappropriate behavior would stop.

13. The male instructor Plaintiff reported did not teach during the 2022-2023 academic year but returned to teach in Fall 2023.

14. The inappropriate behavior, comments, and graphics continued following Plaintiff's complaints, including from the male instructor Plaintiff reported, who wore a welding hood featuring a sticker of a woman's legs spread apart with the words, "I'm loving it."

15. In October 2023, Plaintiff learned that Defendant would be hiring for the Welding Department Chair position.

16. Plaintiff expressed interest in the Welding Department Chair position to the Dean of the Welding Department. Plaintiff raised concerns about the sexual harassment

and discrimination in the Welding Department during that conversation with the Dean of the Welding Department.

17. Plaintiff followed up with Human Resources due to the Dean of the Welding Department's lack of response or action toward her complaints. Human Resources told her that the Dean of the Welding Department was handling her complaint and declined to provide additional information.

18. Defendant did not implement additional supervision or protection for her or other female students.

19. Following Plaintiff's complaints to Human Resources, the male instructor she reported wrote, "Snitches get stitches," on the whiteboard in one of the welding classrooms.

20. On or around January 30, 2024, Plaintiff learned that a less qualified younger male employee had been chosen for the Welding Department Chair position.

21. Upon information and belief, the Dean encouraged male employees to apply for the Welding Department Chair position to avoid hiring Plaintiff as Chair.

22. In March 2024, the College created a second department chair position for the industrial areas at the Cherokee/Union campuses.

23. Defendant did not consider Plaintiff or offer Plaintiff that position.

24. In May 2024, Plaintiff applied for the Dean of Industrial Technologies position.

25. Defendant interviewed five candidates, including Plaintiff, for the position.

26. Plaintiff learned in July 2024 that Defendant hired a younger, less qualified male employee for the position.

27. Plaintiff's supervisor (Defendant's Humanities and Languages Department Chair) and Plaintiff met separately with the new Dean of Industrial Technologies to express her interest in teaching as an adjunct in that the Industrial Technologies Department for the Fall 2024 semester.

28. The Dean of Industrial Technologies told Plaintiff that the Chair of the Industrial Technologies Department had reservations about her moving to that area because he was concerned that she would be a "snitch."

29. The Industrial Technologies Department currently has two adjunct instructors teaching more than the approved credit load for part-time employees.

## FIRST CAUSE OF ACTION
### (Title IX Violations)

30. Plaintiff alleges the forgoing where consistent.

31. Defendant is an educational institution that receives federal funds, and as such, is subject to Title IX.

32. Plaintiff, a female, is a member of a sex-based protected class.

33. Plaintiff was subjected to unwelcome sexual harassment and discrimination based on her sex while serving as a student and employee with Defendant.

34. Such harassment affected tangible aspects of Plaintiff's education and employment with Defendant.

35. Appropriate persons, including Defendant and its officials, had actual knowledge of the discriminatory behavior and took no effective remedial action.

36. Such unwanted conduct created an intimidating and hostile environment and was subjectively viewed by Plaintiff to be abusive.

37. Defendant created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX).

38. Defendant and its officials had actual knowledge of the discrimination of Plaintiff created by its failure to investigate and discipline Plaintiff's harasser in a timely manner and consistent with its own policy and federal and state law.

39. Defendant's failure to promptly and appropriately respond to the discriminatory behavior resulted in Plaintiff, on the basis of her sex, being subjected to harassing and discriminatory behavior based on her sex as a student and employee and being denied advancement opportunities and positions as an employee.

40. Defendant failed to take immediate, effective remedial steps to resolve the complaints of discrimination and instead acted with deliberate indifference toward Plaintiff.

41. Defendant persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

42. Defendant engaged in a pattern and practice of behavior designed to discourage and dissuade students and employees who had been discriminated against from seeking prosecution and protection and from seeking to have discriminatory behavior from being fully investigated.

43. This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students and employees.

44. Defendant's mandated reporters failed to report discrimination in violation of Title IX.

45. Defendant's action and inaction violate Title IX.

46. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and Defendant is liable to Plaintiff for back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm; as well as the

reasonable attorney's fees and costs associated with this action. Plaintiff also seeks pre-judgment interest on all damages sought.

## SECOND CAUSE OF ACTION
### (Title IX Retaliation)

47. Plaintiff alleges the foregoing where consistent.

48. Plaintiff engaged in protected activity under Title IX on multiple occasions by reporting sexually and racially discriminatory and retaliatory behavior in violation of Title IX.

49. Defendant's faculty and staff harassed Plaintiff for reporting the discriminatory and retaliatory behavior to the school, made conscious efforts to interfere with her reporting, threatened Plaintiff, and denied Plaintiff positions, promotions, and advancement opportunities because she engaged in protected activity.

50. Plaintiff reported this harassment to Defendant, who declined to intervene to stop it.

51. The actions taken against the Plaintiff and the actions which have resulted in her disparate treatment and damages are the result of the planned and concerted effort to retaliate against the Plaintiff for her complaints of harassment and discrimination. This further discriminates against the Plaintiff.

52. Defendants are liable to the Plaintiff for the willful, wrongful, and bad faith retaliation against the Plaintiff for protected actions she took opposing unfair and egregious harassment. Plaintiff is entitled to an award of actual damages as well as reasonable attorney's fees and for the cost of this action.

## PRAYER FOR RELIEF

53. Plaintiff alleges the foregoing where consistent.

54. Plaintiff requests a jury trial on all claims and all triable issues.

55. Plaintiff requests that the jury award, within its discretion, a reasonable sum for all damages sought on the above claims including punitive damages where legally cognizable.

56. Plaintiff requests that the Court award him all equitable relief it deems just and necessary up to and including reinstatement or front pay.

57. Plaintiff also requests pre-judgment interest.

                      **CROMER BABB PORTER, LLC**

              BY:   *s/Elizabeth M. Bowen*
                      Elizabeth M. Bowen (#103337)
                      1418 Laurel Street, Ste. A
                      Post Office Box 11675
                      Columbia, South Carolina 29211
                      Phone: (803) 799-9530
                      beth@cromerbabb.com

              **Attorney for Plaintiff**

January 29, 2025
Columbia, South Carolina